**Joseph M. SUNSERI**

v.

**STATE.**

**No. 94–148–CA.**

Supreme Court of Rhode Island.

April 5, 1995.

Joseph M. Sunseri, pro se.

Jeffrey Pine, Atty. Gen., Andrea Mendes, Sp. Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., Jane McSoley, Sp. Asst. Atty. Gen., for defendant.

OPINION

PER CURIAM.

This case came before us for oral argument February 24, 1995, pursuant to an order that had directed the applicant to appear in order to show cause why his appeal from the denial of his postconviction application should not be dismissed. The applicant, Joseph M. Sunseri (Sunseri), had been convicted after a jury trial of assault with a dangerous weapon, second degree sexual assault, and simple assault.

The victim had testified that on January 1, 1988, Sunseri slapped her, struck her head against the ceiling of a house that they shared, threatened to kill her with a kitchen knife, sexually assaulted her, bit her, kicked her, and jumped on her. The victim testified that Sunseri continued this assault over an eleven hour period. The following morning she succeeded in leaving the house and sought medical assistance. She further testified that Sunseri dislocated her jaw and nose and broke her kneecap. At trial Sunseri testified that he had been drinking and had taken three Percodan tablets for back pain and that as a consequence he could not recall any of the events after his arrival at home on the night in question.

The jury found Sunseri guilty on all counts. His motion for new trial was denied, and he appealed to this court, which denied his appeal by an order entered May 17, 1990 (order No. 89–524–C.A.).

In his application for postconviction relief Sunseri claimed ineffective assistance of counsel. He was represented by an experienced attorney who concluded that intoxication was the only defense available consistent with Sunseri's testimony. Counsel for Sunseri testified that he did not raise the issue of consent because Sunseri had no recollection of sexually assaulting the victim.

In his hearing for postconviction relief, Sunseri testified that he had lied under oath at his trial and that he did have a recollection of the events and that his recollection was inconsistent with the testimony of the victim. The trial justice, on the application for postconviction relief, found that Sunseri failed to show that his trial counsel had been ineffective and, therefore, denied the application.

Our review of the record in this case discloses that Sunseri failed to sustain the burden of showing that his counsel had been ineffective within the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In light of Sunseri's sworn testimony that he had no recollection of the night's events, defense counsel was severely disadvantaged in presenting a defense. The strategy he used in cross-examining the victim was not unreasonable since he did not desire to increase the sympathy that the jurors might feel toward her in this case. We are of the opinion that the findings of the trial justice in regard to effective assistance of counsel were amply supported by the evidence disclosed in the record in this case.

For the reasons stated, the applicant's appeal is denied and dismissed. The judgment of the Superior Court denying his application for postconviction relief is affirmed. The papers in the case may be remanded to the Superior Court.